```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| EBONY CROSSON,<br><br>          Plaintiff,<br><br>     v.<br><br>CAMDEN COUNTY CORRECTIONAL<br>FACILITY,<br><br>          Defendant. | Civil Action<br>No. 16-8354 (JBS-KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief District Judge**

Plaintiff Ebony Crosson, a prisoner currently confined at Edna Maran Correctional Facility, seeks to bring this civil action in forma pauperis ("IFP"), without prepayment of fees or security. IFP Application, Docket Entry 4.

Plaintiff submitted an account statement that shows that as of March 10, 2017, Plaintiff had an account balance of $2,695. IFP Application at 17.

IFP status is a privilege, not a right. *Shahin v. Sec. of Del.*, 532 F. App'x 123 (3d Cir. 2013) (per curiam) (citing *White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998)). "In determining whether a litigant is eligible for IFP status, the Court should consider the financial position of the party." *Id.* (affirming denial of IFP in spite of monthly income of only $95 from self-employment as plaintiff would not be deprived of "necessities of life").

Here, Plaintiff's income as reflected by the account statement indicates she is able to afford the $350 filing fee and $50 administrative fee. Requiring her to pay the filing fee would not deprive her of the necessities of life as the prison provides her food, clothing, and shelter. Like the plaintiff in *Shahin*, Plaintiff may have to save in order to pay the filing fee, but such requirement "would not deprive [him] of the 'necessities of life.'" 532 F. App'x at 124. The Court will therefore deny the application to proceed *in forma pauperis*.

An appropriate order follows.


**March 30, 2017**         **s/ Jerome B. Simandle**
Date                        JEROME B. SIMANDLE
                            Chief U.S. District Judge